SCHILLINGER (UNITED STATES v.). See Case No. 16,228.

SCHIMER (UNITED STATES v.). See Case No. 16,229.

## Case No. 12,459.

### SCHLITZ v. SCHATZ.

[2 Biss. 248.] [1]

District Court, D. Wisconsin. Feb. 1870.

BANKRUPTCY—EXEMPT PROPERTY—MORTGAGE—PREFERENCE.

1. An assignee cannot recover property excepted by the 14th section of the bankrupt law [of 1867 (14 Stat. 522)].

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

2. Such property the debtor may lawfully mortgage or convey, and such a preference is not in violation of the act, nor a fraud on it.

3. The fact that soon after the conveyance, and before the petition was filed against him, the debtor left the country, does not place the assignee in a better position.

In bankruptcy. This was an action by Joseph Schlitz, assignee in bankruptcy of the estate of Henry Gretz, to recover the amount received by defendant in the sale of two horses which came to his possession from the bankrupt.

Mann & Cotzhausen, for plaintiff.
George B. Goodwin, for defendant.

MILLER, District Judge. It appeared in evidence at the trial that Gretz was a brewer, and, becoming pecuniarily embarrassed, he mortgaged to the defendant two horses as security for a debt previously contracted. And it also appears that those were the only horses Gretz owned at the date of the mortgage and thereafter until proceedings in bankruptcy were commenced against him. When Schatz received the mortgage and took possession of the horses he had reasonable cause to believe Gretz insolvent. He took possession of the horses a few days before the petition in bankruptcy was filed against Gretz. Gretz with his family left the country immediately after giving the chattel mortgage to Schatz, and is not known to be in this state.

By section 14 of the act to establish a uniform system of bankruptcy throughout the United States the estate real and personal of the debtor vests in the assignee by assignment, which relates back to the commencement of proceedings in bankruptcy; provided, that there should be excepted from the operation of the provisions of the section the several articles mentioned, and such other property not included in the foregoing exceptions as is exempted from levy and sale upon execution or other process or order of any court, by the laws of the state in which the bankrupt has his domicil at the time of the commencement of proceedings in bankruptcy, to an amount not exceeding that allowed by such state exemption laws in force in the year eighteen hundred and sixty-four.

By the law of this state in force in the year eighteen hundred and sixty-four, and since, a span of horses is exempt from levy and sale upon execution. By a span of horses is understood two horses worked together as a team, as these were. The horses mortgaged to Schatz being the only horses Gretz owned, were exempt from levy. Gretz by the mortgage appropriated this exempt property to the payment of a debt, prior to the proceedings in bankruptcy, at his domicil in this state. The said section fourteen further provides that the exception shall operate as a limitation upon the conveyance of the property of the bankrupt to his assignee, and in no case shall the except-

ed property pass to the assignee, or the title of the bankrupt thereto be impaired or affected by any of the provisions of the act.

If Gretz had not made the mortgage, and had remained in his domicil, the assignee in bankruptcy would not be entitled to claim the horses. The fact of abandonment of his domicil by Gretz, after the mortgage of the horses to Schatz, and Schatz's possession under the mortgage before the commencement of proceedings in bankruptcy, cannot place the assignee in any better attitude as to this exempt property in the hands of Schatz. Gretz had a lawful right to mortgage or sell the horses, and having disposed of them, under the law of the state his creditors could not take them by legal process for debt from Schatz, neither can the assignee in bankruptcy recover of Schatz the proceeds of the sale of the horses.

The creditors of Gretz not having any right to the horses as assets, the preference given to Schatz was no violation of the bankruptcy act, nor was it a fraud on them.

The provision for exemptions under state laws may be supposed of doubtful constitutionality, for want of uniformity, but this court will not for this reason delay or embarrass proceedings in bankruptcy, preferring that the question be decided by the supreme court of the United States. Judgment for defendant.

A bankrupt by a mortgage waives the exemption as against the mortgagee, but not as against the assignee. In re Jones [Case No. 7,445].